UNITED STATES DISTRCIT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL S. SINGER, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:17-CV-10071-WGY |
| CITY OF NEWTON, | ) ) ) | |
| Defendant | ) ) | |

## ANSWER OF DEFENDANT CITY OF NEWTON

Defendant City of Newton (the "City"), hereby answers the Complaint by Plaintiff Michael Singer ("Plaintiff"), as follows:

1. Admitted to the extent that the City Council voted to enact an ordinance entitled Pilotless Aircraft Operation. The City denies the remaining allegations in paragraph 1 and calls on Plaintiff to prove the same.

2. No response is required for the statement of jurisdiction contained in paragraph 2.

3. The City lacks sufficient knowledge or information to admit or deny the allegations contained in the first sentence of paragraph 3 and calls on Plaintiff to prove the same. Further answering, the City denies the allegations in the second sentence.

4. The allegations contained in paragraph 4 contain conclusions of law to which no response is required.

5. The allegations contained in paragraph 5 contain conclusions of law to which no response is required.

6. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 and therefore denies them and calls on Plaintiff to prove the same.

7. The allegations contained in paragraph 7 contain conclusions of law to which no response is required.

8. The allegations contained in paragraph 8 contain conclusions of law to which no response is required.

9. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 and therefore denies them and calls on Plaintiff to prove the same.

10. The allegations contained in paragraph 10 contain conclusions of law to which no response is required.

11. The allegations contained in paragraph 11 contain conclusions of law to which no response is required.

12. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 and therefore denies them and calls on Plaintiff to prove the same.

13. The allegations contained in paragraph 13 contain conclusions of law to which no response is required.

14. The allegations contained in paragraph 14 contain conclusions of law to which no response is required. To the extent that paragraph 14 contains factual allegations, the City is without sufficient knowledge or information to admit or deny said allegations and therefore denies them and calls on Plaintiff to prove the same.

15. Admitted.

16. Denied.

## JURISDICTION AND VENUE

17. Admitted.

18. Denied.

19. Admitted to the extent that the City of Newton is located within the physical jurisdiction of this Court, but the City is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 19 and calls on Plaintiff to prove the same.

## PARTIES

20. The City is without sufficient knowledge to admit or deny the allegations contained in paragraph 20 and therefore denies them and calls on Plaintiff to prove the same.

21. Admitted.

## FACTUAL BACKGROUND

22. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 and therefore denies them and calls on Plaintiff to prove the same.

23. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 and therefore denies them and calls on Plaintiff to prove the same.

24. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 and therefore denies them and calls on Plaintiff to prove the same.

25. Admitted.

26. The allegations contained in paragraph 26 contain conclusions of law to which no response is required.

27. The allegations contained in paragraph 27 contain conclusions of law to which no response is required.

28. The City lacks sufficient information to admit or deny the allegations contained in paragraph 28 and therefore denies them and calls on Plaintiff to prove the same.

29. The allegations contained in paragraph 29 contain conclusions of law to which no response is required.

30. The allegations contained in paragraph 30 contain conclusions of law to which no response is required.

31. The allegations contained in paragraph 31 contain conclusions of law to which no response is required.

32. The allegations contained in paragraph 32 contain conclusions of law to which no response is required.

33. The allegations contained in paragraph 33 contain conclusions of law to which no response is required.

34. Admitted.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. The allegations contained in paragraph 40 contain conclusions of law to which no response is required.

41. Denied.

42. The City is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 42 and therefore denies them and calls on Plaintiff to prove the same.

43. Denied.

44. The allegations contained in paragraph 44 contain conclusions of law to which no response is required.

45. Denied.

46. The City is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 46 and therefore denies them and calls on Plaintiff to prove the same.

47. The City is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 47 and therefore denies them and calls on Plaintiff to prove the same.

48. Admitted.

49. Denied.

50. Denied.

51. The allegations contained in paragraph 51 contain conclusions of law to which no response is required.

52. Admitted that the Ordinance requires registration of pilotless aircraft weighing less than .55 pounds. The City denies the remaining allegations contained in paragraph 52.

53. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 53 and therefore denies them and calls on Plaintiff to prove the same.

54. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 54 and therefore denies them and calls on Plaintiff to prove the same.

55. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 55 and therefore denies them and calls on Plaintiff to prove the same.

56. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 56 and therefore denies them and calls on Plaintiff to prove the same.

57. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 57 and therefore denies them and calls on Plaintiff to prove the same.

58. Denied.

59. Denied.

60. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 60 and therefore denies them and calls on Plaintiff to prove the same.

61. The allegations contained in paragraph 61 contain conclusions of law to which no response is required.

62. Admitted.

63. Admitted.

64. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 63 and therefore denies them and calls on Plaintiff to prove the same

65. Admitted to the extent that a second violation of the ordinance is subject to a fine, however, the first violation is subject to a warning.

66. Denied.

67. Denied.

68. Admitted.

69. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 69 and therefore denies them and calls on Plaintiff to prove the same.

70. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 70 and therefore denies them and calls on Plaintiff to prove the same.

71. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 71 and therefore denies them and calls on Plaintiff to prove the same.

72. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 72 and therefore denies them and calls on Plaintiff to prove the same.

## COUNT I

### Preemption; 49 U.S.C. §40103 et seq; 42 U.S.C. §1983

73. The City incorporates herein its Answers to the allegations in Paragraphs 1-72.

74. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 74 and therefore denies them and calls on Plaintiff to prove the same.

75. The allegations contained in paragraph 75 contain conclusions of law to which no response is required.

76. Denied as to all subsections of paragraph 76.

77. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 77 pertaining to Plaintiff and therefore denies them and calls on Plaintiff to prove the same. The City denies the remaining allegations contained in paragraph 77.

## COUNT II

### Right of Navigation; 49 U.S.C. §40103; 42 U.S.C. §1983

78. The City incorporates herein its Answers to the allegations in Paragraphs 1-77.

79. The allegations contained in paragraph 79 contain conclusions of law to which no response is required.

80. The allegations contained in paragraph 80 contain conclusions of law to which no response is required.

81. Denied.

## COUNT III

### Right of Navigation; M.G.L. c. 90 §§35 and 46; 28 U.S.C. §1367

82. The City incorporates herein its Answers to the allegations in Paragraphs 1-81.

83. The allegations contained in paragraph 83 contain conclusions of law to which no response is required.

84. The allegations contained in paragraph 84 contain conclusions of law to which no response is required.

85. Denied.

## COUNT IV

### First Amendment; 42 U.S.C. §1983

86. The City incorporates herein its Answers to the allegations in Paragraphs 1-85.

87. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 87 and therefore denies them and calls on Plaintiff to prove the same.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## COUNT V

### Void for Vagueness; Fifth and Fourteenth Amendments; 42 U.S.C. §1983

92. The City incorporates herein its Answers to the allegations in Paragraphs 1-91.

93. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 93 and therefore denies them and calls on Plaintiff to prove the same.

94. The allegations contained in paragraph 94 contain conclusions of law to which no response is required.

95. Denied as to all subsections of paragraph 95.

## COUNT VI

**Substantive Due Process; Fifth and Fourteenth Amendments; 42 U.S.C. §1983**

96. The City incorporates herein its Answers to the allegations in Paragraphs 1-95.

97. Denied as to all subsections of paragraph 97.

## COUNT VII

**Violation of Massachusetts Privacy Act; 28 U.S.C. §1367**

98. The City incorporates herein its Answers to the allegations in Paragraphs 1-97.

99. The City lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 99 and therefore denies them and calls on Plaintiff to prove the same.

100. Denied as to all subsections of paragraph 100.

## DEFENDANT CITY OF NEWTON'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

101. As and for a separate and complete defense, the City states that Plaintiff has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

102.    As and for a separate and complete defense, the City states that the Ordinance has been enacted within the powers conferred upon it by the body of Home Rule legislation pursuant to the General Laws of Massachusetts.

**THIRD AFFIRMATIVE DEFENSE**

103.    As and for a separate and complete defense, the City states that the rights, duties and obligations stated in the Ordinance are within the jurisdiction of the City to create.

**FOURTH AFFIRMATIVE DEFENSE**

104.    As and for a separate and complete defense, the City states that the Ordinance is not preempted by federal law.

**FIFTH AFFIRMATIVE DEFENSE**

105.    As and for a separate and complete defense, the City states that the Ordinance is specific and precise such that a reasonable person would understand the rights, duties and obligations contained in the ordinance.

**SIXTH AFFIRMATIVE DEFENSE**

106.    As and for a separate and complete defense, the City states that the Ordinance was created as a result of the legislative deliberative process and is not arbitrary and capricious.

**SEVENTH AFFIRMATIVE DEFENSE**

107.    As and for a separate and complete defense, the City states that the legislative intent of the Ordinance illustrates that said Ordinance is not violative of Plaintiff's constitutional rights.

**EIGHTH AFFIRMATIVE DEFENSE**

108.    As and for a separate and complete defense, the City states that the Ordinance is facially constitutional.

## NINTH AFFIRMATIVE DEFENSE

109.    As and for a separate and complete defense, the City states that the Ordinance is constitutional as applied.

## TENTH AFFIRMATIVE DEFENSE

110.    As and for a separate and complete defense, the City states that the regulations of the Federal Aviation Administration permit the City to enact the prohibitions contained in the Ordinance.

## ELEVENTH AFFIRMATIVE DEFENSE

111.    As and for a separate and complete defense, the City states that the registration requirement under the Ordinance is not a violation of privacy, as a matter of law.

## TWELTH AFFIRMATIVE DEFENSE

112.    As and for a separate and complete defense, the City states that there is no cognizable right to transit.

WHEREFORE, the Newton Defendants respectfully request that the claims set forth in Plaintiff's Complaint be DISMISSED, and that they be awarded costs and attorneys' fees.

>Respectfully submitted,
>
>DEFENDANT,
>CITY OF NEWTON,
>
>By its attorneys,
>
>  /s/ Donnalyn B. Lynch Kahn
>Donnalyn B. Lynch Kahn
>City Solicitor
>BBO #556609
>Maura E. O'Keefe
>Assistant City Solicitor
>BBO #674011
>City of Newton Law Department
>1000 Commonwealth Avenue
>Newton Centre, MA 02459
>dkahn@newtonma.gov
>(617) 796-1240

DATED:   February 7, 2017