**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| MICHAEL S. SINGER, | ) | **DECLARATION OF** |
|  | ) | **MICHAEL S. SINGER** |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| CITY OF NEWTON, | ) | Civil Action No. 1:17-CV-10071-WGY |
|  | ) |  |
| Defendant | ) |  |
|  | ) |  |

**DECLARATION OF MICHAEL S. SINGER**

I, Michael S. Singer, hereby declare and state the following true facts:

1.      I am a United States citizen.  I reside at 241 Nahanton Street, Newton, Massachusetts.  I have lived in Newton for about nine years.

2.      I hold B.S., Ph.D., and an M.D. degrees from Yale University.  I completed internship and residency at Harvard Medical School.  I am licensed to practice medicine in the Commonwealth of Massachusetts.  I am named as an inventor on about 50 patents.

3.      I hold an FAA remote pilot certificate with sUAS rating.  I have also logged about 45 hours of instruction in the Cessna 172 and Super Decathlon airplanes.

4.      Since 2003 I have devoted a portion of my research efforts to telemedicine, *i.e.,* the use of telecommunications to care for patients from a distance.  At Harvard Medical School I developed a remotely monitored inhaler to predict and prevent asthma attacks; this has been licensed by Partners Healthcare.  In 2006 I co-founded HealthHonors, a telemedicine company for the promotion of health behaviors.  I received competitive funds from the National Institutes of Health and CIMIT (a local academic consortium) to support the above work.

5.      HealthHonors was acquired by a Russell 2000 company in 2009.  I have co-founded other companies in the medical field.  Topokine was acquired by a Fortune 500 company in 2016.  The latest company I have co-founded, Cartesian Therapeutics, is focused on personalized cell therapies for patients with myeloma.  I contribute to Cartesian on a part-time basis and am therefore in search of other opportunities.

6.      As early as March 2014, it occurred to me that unmanned aircraft would provide a new wave of innovation for telemedicine.  I started to explore this idea in earnest in late 2016.

7.      I believe that it would be untenable for me to raise capital, assemble a leadership team, and recruit employees for a company whose services were prohibited in the city where I reside.  I am concerned that other cities and towns in eastern Massachusetts will enact their own drone ordinances, and that a patchwork of incompatible local laws will make it impossible for unmanned aircraft startup companies to operate.

8.      A basic aeronautical skill is the ability to read FAA aeronautical charts.  A person does not need to be an expert to read such charts.  A copy of a relevant portion of an FAA chart for Boston is shown in Figure 1.  For comparison, a street map showing a portion of eastern Newton is shown in Figure 2, with the political area of Newton shaded in red.  From these Figures and from my familiarity with certain streets and landmarks in Newton, I know that some airspace above the City of Newton and below 400 feet Above Ground Level (AGL) is Class B airspace for Boston Logan Airport.  Such airspace can be found inside (*i.e.,* to the east of) the solid blue arc that is second from left on Figure 1; for example, over an area roughly between the Chestnut Hill Reservoir and Hammond Pond.  This Class B airspace extends from the surface up to 7000 feet above Mean Sea Level (MSL).  I know that most of the airspace over Newton from

-2-

2000 to 7000 feet MSL is Class B airspace for Boston Logan Airport.  Such airspace can be found inside (*i.e.,* to the east of) the solid blue arc that is leftmost on Figure 1

9.    On March 11, 2017 I received an e-mail from Wesley Verkaart of Blue Card LLC and Heliops LLC in response to an inquiry I had made to Mr. Verkaart.  I have provided an authentic copy of that email as an "Exhibit 9".

10.    I am submitting to the Court an "Exhibit 15" which includes three aerial photographs.  These photographs were obtained by me and are accurately described in the accompanying legends.

11.    I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements of fact are true, and that any foregoing statements based on my belief are believed to be true.

12.    Executed on this 25th day of March, 2017

_____
Michael S. Singer

-3-

Figure 1.



Figure 2.

