UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL S. SINGER,<br><br>        Plaintiff,<br>v.<br><br>CITY OF NEWTON,<br><br>        Defendant. | RESPONSE UNDER L.R. 56.1<br><br>Civil Action No. 1:17-CV-10071-WGY |

**PLAINTIFF'S RESPONSE TO CITY'S STATEMENT OF UNDISPUTED FACTS**

**UNDER LOCAL RULE 56.1**

1. "The City of Newton is a municipality organized under a Charter pursuant to the Home Rule Amendment to the Massachusetts Constitution. M.G.L. Const. Amend. Art. 2, § 1; Revised Ordinances of the City of Newton, Charter, Art. 1, § 1-1."

   **Response:** Undisputed.

2. "The City Council enacts ordinances for the purpose of protecting the health, welfare and safety of its residents, under its Home Rule Authority."

   **Response:** Undisputed that the City Council enacts Ordinances for the purpose of protecting the health, welfare and safety of its residents. Plaintiff objects that the remainder of the statement contains a conclusion of law about Home Rule Authority.

3. "Members of the City Council proposed to discuss the possibility of regulating drones for the principal purpose of protecting the privacy interests of the City's residents beginning in August, 2015."

**Response:** Undisputed.

4. "The specific, stated purpose of the proposed docket item, is as follows:

   Requesting a discussion with the Chief of Police and the Commissioner of Parks and Recreation on the use of drones in the City of Newton to discuss what means and methods could become policy or ordinances to deal with an increase of privacy complaints as well as uses of more serious consequences."

**Response:** Undisputed that this represents the text of the docket item. Plaintiff disputes any allegations contained in that text; at that time there had been no police reports of "privacy complaints", or increase thereof, or any other "consequences". *See* Doc. No. 35 at 18.

5. "Certain Councilors presented an initial draft ordinance to a sub-committee of the City Council explaining that the legislative intent supporting the ordinance centered on matters of privacy concerns, nuisance created by excess noise, and matters of personal and public safety."

**Response:** Undisputed, except that the statement is not the whole truth. The City Council also stated the intent "to draw boundary lines to prohibit flying drones over private properties" and "to educate the public and incorporate a registration process to inform them of safe operations." Doc. No. 40 Attachment 4, City's Exhibit 3 at 2.

6. "The Chief of Police recognized that a local registration process for drones was crucial for enforcement purposes."

**Response**: Disputed.  See, *e.g.,* City's Exhibit 14 (Doc. No. 40 Attachment 9): "The Police Chief is comfortable that if there is some misuse of a drone, the owner can be identified through the FAA registration."  *See also* Plaintiff's reply memorandum, filed concurrently, at 6-7.

7. "The Commissioner of Parks and Recreation opined that an ordinance would be a valuable tool in administering the use of City land in an orderly manner."

**Response**:  Undisputed.

8. "The legislative record of the enactment of the Ordinance shows that members of the City Council endeavored to create a registration process that would be limited only to what was absolutely necessary to enforce the Ordinance."

**Response**:  Disputed.  The legislative record is replete with statements that the registration process was created for purposes of education as well as enforcement.  See, *e.g.,* Doc. No. 40 Attachment 4, City's Exhibit 3 at 2.  Furthermore, several City Councilors expressed concern that the local registration rule was broader, more expensive, more onerous, and more invasive than the FAA's registration rule.  No compromises were made.  At the December 21, 2016 City Council Meeting, 8 of 22 Councilors voted unsuccessfully to delete the registration requirement from the Ordinance.  See, *e.g.,* Doc. No. 40 Attachment 13, City's Exhibit 12 at 1.

9.  "After making inquiry to the FAA, the Police Department learned that access to the FAA's registration database for investigatory purposes would be severely limited at times and concluded that a local registration process would be needed for enforcement purposes."

**Response**: Disputed.  The City's own records disprove this statement.  When the Police Department sent a routine email to inquire with the FAA about access to the drone database, the FAA responded within 42 minutes and confirmed that it would search the database upon request. *See* Plaintiff's reply memorandum, filed concurrently, at 6-7; Plaintiff's Exhibit 21, filed concurrently.  The FAA has stated that a key purpose of its federal unmanned aircraft registry "is to provide FAA and local law enforcement agencies the immediate ability to quickly connect individuals to their aircraft with the fewest number of steps possible." (See Plaintiff's reply memorandum at 6 for citation).  The only document the City has produced to support its statement is the City's own answer to one of Plaintiff's written interrogatories.

10. The legislative record of the enactment of the Ordinance reflects that the City Council places a high degree of value on the implementation of an educational component that would keep the public apprised of the requirements and prohibitions under the Ordinance, and to notify the public as to any changes in the federal regulations, as they might transpire.

**Response:**  Undisputed.

11. The legislative record of the enactment of the Ordinance shows that there was a general consensus among those participating in discussions was that this Ordinance would provide a needed tool to the Police Department and to the Parks and Recreation Department in maintaining the health, welfare and safety of the residents of the City in the areas of privacy, noise regulation, nuisance, and the orderly use of City property.

**Response:**  Plaintiff objects that "a general consensus among those participating in discussions" is irresolvably vague.  Plaintiff does have sufficient information to respond.

12. The legislative record of the enactment of the Ordinance shows that the City Council generally agreed that the Ordinance was a proper manifestation of the City's municipal police power, and was an appropriate exercise of its Home Rule Authority.

**Response:**  Plaintiff objects that the City Council's opinions about the law are not a material fact.  Furthermore, the statement is disputed.  City Council members were not polled, nor has the City produced any other systematic record, as to their opinions about the Ordinance with respect to police power and Home Rule Authority.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 12, 2017 | /s/ Michael S. Singer |
|  | Michael S. Singer, *pro se* |
|  | 241 Nahanton Street |
|  | Newton, MA  02459 |
|  | 617-388-2132 |
|  | mike_remote@hotmail.com |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 12, 2017                                   /s/ Michael S. Singer
                                                      Michael S. Singer, *pro se*